| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20 CV178D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Christiann Gibeau

**ADDRESS:** 23 White Court, Apt. 6

Clinton, MA 01510

**COUNTY**
Worcester

**DEFENDANT(S):** Gary Allen and Richard L. Hodges, Inc.

**ATTORNEY:** Patrick Bunnell, Esq.

**ADDRESS:** 6 Grove Avenue

Leominster, MA 01453

978-840-0001

**BBO:** 562321

**ADDRESS:** 70 Farmington Avenue, 1B, New London, CT 06320 and

241 Depot Street, Unity, ME 04988

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - Person Injury | F | [X] YES  [ ] NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................... $ 6,500.21
2. Total doctor expenses ................................................................................. $ 2,632.00
3. Total chiropractic expenses ........................................................................ $
4. Total physical therapy expenses ................................................................ $ 2,500.00
5. Total other expenses (describe below) ...................................................... $
Subtotal (A): $ 10,142.21

B. Documented lost wages and compensation to date ........................................ $
C. Documented property damages to dated ......................................................... $
D. Reasonably anticipated future medical and hospital expenses .......... ATTEST: ... $
E. Reasonably anticipated lost wages ................................................................. $
F. Other documented items of damages (describe below) ............................ CLERK ... $ 100,000.0
Pain and suffering, permanent partial disability, emotional distress.

*FILED FEB 12 2020*

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
IConcussion, post-concussion syndrome, back injuries, elbow and wrist injuries.

**TOTAL (A-F):$** 11,632.21

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $** $111,632.21

**Signature of Attorney/Pro Se Plaintiff: X** _____   **Date:** 2-12-2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____   **Date:** 2-12-2020

| DOCKET NUMBER | | Trial Court of Massachusetts |
|---|---|---|
| **CIVIL ACTION COVER SHEET** | | **The Superior Court** |

| | |
|---|---|
| PLAINTIFF(S): Christiann Gibeau | COUNTY |
| ADDRESS: 23 White Court, Apt. 6 | Worcester |
| Clinton, MA 01510 | DEFENDANT(S): Gary Allen and Richard L. Hodges, Inc. |
| ATTORNEY: Patrick Bunnell, Esq. | |
| ADDRESS: 6 Grove Avenue | ADDRESS: 70 Farmington Avenue, 1B, New London, CT 06320 and |
| Leominster, MA 01453 | 241 Depot Street, Unity, ME 04988 |
| 978-840-0001 | |
| BBO: 562321 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - Person Injury | F | [X] YES ☐ NO |

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | | |
| 1. Total hospital expenses ................................................................................ | $ | 6,500.21 |
| 2. Total doctor expenses ................................................................................ | $ | 2,632.00 |
| 3. Total chiropractic expenses ........................................................................ | $ | 2,500.00 |
| 4. Total physical therapy expenses ................................................................. | $ | |
| 5. Total other expenses (describe below) ....................................................... | $ | |
| Subtotal (A): | $ | 10,142.21 |
| B. Documented lost wages and compensation to date ........................................ | $ | |
| C. Documented property damages to dated ........................................................ | $ | |
| D. Reasonably anticipated future medical and hospital expenses ....................... | $ | |
| E. Reasonably anticipated lost wages ................................................................ | $ | 100,000.0 |
| F. Other documented items of damages (describe below) .................................. | $ | |
| Pain and suffering, permanent partial disability, emotional distress. | | |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
  Concussion, post-concussion syndrome, back injuries, elbow and wrist injuries.

TOTAL (A-F):$    11,632.21

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $    $111,632.21

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 2-12-2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 2-12-202

# DOMBROWSKI, AVENI & BUNNELL, P.C.
## COUNSELORS AT LAW
6 Grove Avenue
Leominster, MA 01453

JOHN M. DOMBROWSKI
JEFFREY A. AVENI
PATRICK R. BUNNELL

TELEPHONE (978) 840-0001
TELECOPIER (978) 840-9032

March 17, 2020

**VIA CERTIFIED MAIL NO. 7017 1450 0000 6324 6350**
**RETURN RECEIPT REQUESTED**

Gary Allen
21 Wesley Avenue
Westbrook, CT 06498-1882

RE:     Christiann Gibeau vs. Gary Allen and Richard L. Hodges, Inc.
        Worcester Superior Court Docket No. 2085CV00178D

Dear Mr. Allen:

Enclosed please find a copy of Complaint and Summons issued from the Worcester Superior Court for the Commonwealth of Massachusetts. These documents are being served upon you in compliance with The Massachusetts Long-Arm Statute, M.G.L., c. 223 §3.

Please be advised that you have twenty days from the date of your receipt of the enclosed Summons and Complaint to file an Answer to this Complaint in the Worcester Superior District Court. A copy of this Answer should be forwarded to this office as well.

Thank you.

Very truly yours,

Patrick R. Bunnell

PRB/kt
Enclosures



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

WORCESTER SUPERIOR COURT
CIVIL ACTION NO. 20CV178D

CHRISTIANN GIBEAU,  )
    Plaintiff  )
        )
v.  )
        )
GARY ALLEN AND  )
RICHARD L. HODGES, INC.  )
    Defendants  )

**PLAINTIFF'S COMPLAINT**

**FILED**

FEB 12 2020

ATTEST: _[signature]_ CLERK

PARTIES

1.    At all times material hereto, the Plaintiff, Christiann Marie Gibeau ("hereinafter referred to as "Plaintiff"), was a resident of Clinton, Worcester County, Massachusetts.

2.    The Defendant, Gary Allen, ("hereinafter referred to as "Defendant Allen"), is a resident of New London, New London County, Connecticut.

3.    The Defendant, Richard L. Hodges, Inc. ("hereinafter referred to as "Defendant Corporation"), is a Maine corporation that is not registered to do business in the Commonwealth of Massachusetts. Its principal place of business located in Unity, Maine. At all times material hereto, the Defendant Corporation was engaged in the business of transportation.

COUNT I – CLAIM OF NEGLIGENCE

4.    On February 16, 2017, the Plaintiff was operating her motor vehicle traveling north on Route 495 in Littleton, MA.

5.    At the same time and place, the Defendant Allen was operating a commercial vehicle owned by the Defendant Corporation.

6.    At said time and place, the Defendant Allen negligently struck the rear of the of the Plaintiff's vehicle with great force and speed.

7.     As a result of said collision, which was caused by the Defendant Allen's negligence, the Plaintiff was seriously and permanently injured, suffered great pain of the body and mind, suffered monetary damages, has suffered permanent disability, was obliged to expend money for medical care and attendance, and other consequential damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant Allen in an amount warranted by the evidence at trial, plus interest, costs, and any other relief this Court deems just and proper.

COUNT II – RICHARD L. HODGES, INC.

8.     The Plaintiff restates the allegations contained in Paragraphs 1 through 7 and incorporates same herein by reference.

9.     At the time of the accident, the Defendant Corporation was the registered owner of the motor vehicle operated by the Defendant Allen that was involved in the aforementioned accident with the Plaintiff.

10.     At all times material hereto, including the time of the aforementioned accident, the Defendant Allen was operating the motor vehicle owned by the Defendant Corporation under the direction and control of the Defendant Corporation.

11.     At all times material hereto, including the time of the aforementioned accident, the Defendant Allen was operating the motor vehicle owned by the Defendant Corporation as an agent of the Defendant Corporation.

12.     The Defendant Corporation is vicariously liable for the negligence of the Defendant Allen.

13.     As a result of the Defendant Allen's negligence, who was operating the motor vehicle owned by the Defendant Corporation under Defendant Corporation's control and as its agent, the Plaintiff was seriously and permanently injured, suffered great pain of the body and mind, suffered

monetary damages, has suffered permanent disability, was obliged to expend money for medical care and attendance, and other consequential damages.

WHEREFORE, the Plaintiff demands judgment against the Richard L. Hodges, Inc., in an amount warranted by the evidence at trial, plus interest, costs, and any other relief this Court deems just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
CHRISTIANN GIBEAU
By her Attorney,

Patrick R. Bunnell, Esquire
BBO #562321
DOMBROWSKI, AVENI & BUNNELL, PC
6 Grove Ave
Leominster, MA 01453
(978) 840-0001
patrickbunnell@gmail.com

Dated: February 10, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2085CV00178 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|

| CASE NAME: Bibeau, Christiann vs. Allen, Gary et al | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: Patrick R Bunnell, Esq. Dombrowski Aveni & Bunnell PC 6 Grove Ave Leominster, MA 01453 | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/12/2020 ✓ | |
| Response to the complaint filed (also see MRCP 12) | | 06/11/2020 ✓ | |
| All motions under MRCP 12, 19, and 20 | 06/11/2020 | 07/13/2020 / | 08/10/2020 |
| All motions under MRCP 15 | 06/11/2020 | 07/13/2020 ✓ | 08/10/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 12/08/2020 ✓ | | |
| All motions under MRCP 56 | 01/07/2021 ✓ | 02/08/2021 ✓ | |
| Final pre-trial conference held and/or firm trial date set | | | 06/07/2021 ✓ |
| Case shall be resolved and judgment shall issue by | | | 02/11/2022 ✓ |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/12/2020 | ASSISTANT CLERK Laurie Jurgiel | PHONE (508)831-2350 |
|---|---|---|

| Summons | CIVIL DOCKET NO. 2085CV00178D | Trial Court of Massachusetts ⚖ The Superior Court |
|---|---|---|

| CASE NAME: |  | Clerk of Courts |
|---|---|---|
| Christiann Gibeau | Plaintiff(s) | Worcester **County** |
| VS. |  | COURT NAME & ADDRESS: |
| Gary Allen and Richard L. Hodges, Inc. | Defendant(s) | Worcester Superior Court 225 Main Street Worcester, MA 01608 |

**FILED**

MAR 30 2020

ATTEST: (Defendant's name) CLERK

THIS SUMMONS IS DIRECTED TO ___Gary Allen___ (Defendant's name)

ℬ

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Patrick R. Bunnell, Esq., Dombrowski, Aveni & Bunnell, P.C.
6 Grove Avenue, Leominster, MA 01453

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Judith Fabricant_ Chief Justice on _March 13_ , 20 20 . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

**N.B.   TO PROCESS SERVER:**

   **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: | 2085CV00178D | |

CASE NAME:

Christiann Gibeau

VS.                                    Plaintiff(s)

Gary Allen and
Richard L. Hodges, Inc.

                                       Defendant(s)

|  | Clerk of Courts |
|---|---|
| Worcester | County |

COURT NAME & ADDRESS:

Worcester Superior Court
225 Main Street
Worcester, MA 01608

THIS SUMMONS IS DIRECTED TO    Richard L. Hodges, Inc.    (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, Worcester Superior Court
225 Main Street, Worcester, MA 01608 (address), by mail or in person **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Patrick R. Bunnell, Esq., Dombrowski, Aveni & Bunnell, P.C.
6 Grove Avenue, Leominster, MA 01453

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your court no more than 10 days after sending your Answer.

(1)

3 (cont). You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Judith Fabricant__ Chief Justice on ___March 13___ , 20 _20_ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**
   PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

② rec'd 5/28/2020